**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 91-3786
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLA DENIZA MALCON DE VEAL,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana

(April 15, 1992)

Before POLITZ, Chief Judge, DAVIS and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Marla Denzia Malcon De Veal appeals her sentence after the jury returned verdicts of guilty to charges of conspiracy to import cocaine, importation of cocaine, and aircraft smuggling, in violation of 21 U.S.C. §§ 963, 960(a)(1), 952(a); 18 U.S.C. § 2; and 19 U.S.C. § 1590(a). The sole issue presented on appeal is whether she had been convicted of a prior drug offense in Kansas

state court.  The trial court found that she had and imposed a mandatory-minimum sentence of 20 years.  Finding no clearly erroneous finding of fact and no error of law, we affirm.

Background

De Veal was arrested at the New Orleans International Airport after a flight from Costa Rica when inspectors found packages containing cocaine taped to her body.  She was charged and convicted of conspiracy to import cocaine, its importation, and smuggling cocaine aboard an aircraft.  The sentencing guidelines for an offense level of 32 and a criminal history category of II, as computed in the presentence report, provide a sentencing range of 135 to 168 months.  The government filed a bill of information reflecting a prior conviction in Kansas for drug trafficking.  Under 21 U.S.C. § 960(b)(1), the minimum mandatory sentence of ten years was doubled because of the prior conviction.

The trial court considered De Veal's objections at sentencing, accepted the bill of information, and found that the prior offense had occurred.  The court then sentenced De Veal to 240 months for conspiracy and concurrent terms of 144 months on the importation and aircraft smuggling counts, plus supervised release terms and a fine.  The sole issue raised on appeal is the propriety of the enhancement under 21 U.S.C. §§ 960 and 962 based on the Kansas conviction.

<u>Analysis</u>

We review *de novo* applications of the sentencing guidelines as relates to the law. **United States v. Otero**, 868 F.2d 1412 (5th Cir. 1989). Findings of fact are reviewed under the clearly erroneous standard. **United States v. Mourning**, 914 F.2d 699 (5th Cir. 1990).

The question before us is whether the Kansas conviction constitutes a prior conviction within the meaning of 21 U.S.C. § 960(b)(1) which provides, in pertinent part, that when a person commits a violation involving five kilograms or more of a detectable amount of cocaine, "the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life . . ." Furthermore:

> . . . If any person commits such a violation after one or more prior convictions for an offense punishable under this subsection, or for a felony under any other provision of this title or title II or other law of a State, United States, or foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not less than 20 years and not more than life imprisonment. . . .

For the purpose of section 960(b)(1), a conviction becomes final when it is no longer subject to examination on direct appeal. See **United States v. Morales**, 854 F.2d 65 (5th Cir. 1988). De Veal's conviction was final because the period for seeking appellate review of the state conviction had expired when she committed the offense in the case at bar.

De Veal contends that her conviction in the state court of Kansas in 1988 for conspiracy to sell cocaine and her present

3

convictions were all one episode of an ongoing conspiracy. De Veal therefore argues that her earlier conviction does not qualify as a "prior conviction" under 21 U.S.C. § 960(b)(1). We are not persuaded.

The events leading up to the two convictions constitute two distinct episodes.[1] The time between the episodes was more than two and a half years; the first episode occurred in January 1988, the second in August 1990. The statutory offenses charged are completely different; in the first episode De Veal was convicted of conspiracy to sell and distribute cocaine in violation of state law, K.S.A. 21-3302 and K.S.A. 65-4127a; in the second episode she was convicted of federal violations of conspiracy to import cocaine, importation of cocaine, and aircraft smuggling. The places were geographically distant, Kansas and New Orleans. To accept De Veal's interpretation of the statute would largely undermine, if not in fact defeat, the purpose of section 906(b)(1) to target and deter recidivism.[2]

---

[1] "An episode is an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration . . . Such events occu[r] at distinct times. . . ." **United States v. Hughes**, 924 F.2d 1354, 1361 (6th Cir. 1991).

[2] "Our finding that the state felony conviction is a proper predicate for sentencing enhancement within the meaning of [§ 960(b)(1)] is further supported by an examination of the facts of this case in light of the statute's legislative purpose to punish recidivists more severely. After [De Veal's] state felony conviction, which became final in [December] 1988, [De Veal] was given ample opportunity to discontinue [her] involvement in unlawful drug-related activity . . . [De Veal's] repeated criminal behavior is the kind Congress targeted for imposition of a harsher

We agree with our colleagues in the Seventh Circuit that drug trafficking recidivism is to be abjured:

> A career criminal is incorrigible, undeterrable, recidivating, unresponsive to the 'specific deterrence' of having been previously convicted -- and that is a good description of a man[/woman] who continues trafficking in narcotics after having been arrested and convicted of a similar crime. . . . The guidelines should not be interpreted to give criminals an incentive to enter conspiracies at the earliest possible opportunity.

**United States v. Belton**, 890 F.2d 9, 10 (7th Cir. 1989).[3] De Veal had the opportunity to discontinue her involvement in drug trafficking after her 1988 conviction but declined to do so. She must stand accountable for her intentional criminal actions.

AFFIRMED.

---

penalty by [§ 960(b)(1)]." **Hughes**, 924 F.2d at 1362.

[3] In **Belton** the defendant was sentenced under U.S.S.G. § 4B1.1 as a career offender, based on prior convictions. The defendant argued that one of the convictions used to bring him within 4B1.1 was not a prior conviction because the offense occurred during the alleged conspiracy which was the basis for his later conviction. The court stated that: "Continuing to participate in a drug conspiracy after having been convicted of a drug offense manifests a propensity for recidivism as plainly as if the conspiracy had been started from scratch." **Id.** at 10. The court held that the two prior convictions were separate from one another and affirmed the defendant's conviction.