UNITED STATES of America, Appellee,

v.

Ronald C. LOVELL, Defendant–
Appellant.

No. 423, Docket 93–1343.

United States Court of Appeals,
Second Circuit.

Argued Nov. 15, 1993.

Decided Feb. 9, 1994.

William K. Sessions III, Middlebury, Vermont, for Defendant–Appellant.

Gary G. Shattuck, Assistant United States Attorney for the District of Vermont, Rutland, Vermont (Charles A. Caruso, United States Attorney, District of Vermont, David V. Kirby, Assistant United States Attorney, District of Vermont, Rutland, Vermont, of counsel), for Appellee.

Before: ALTIMARI and WALKER,
Circuit Judges, and OWEN, Senior District Judge.*

ALTIMARI, Circuit Judge:

Defendant-appellant Ronald C. Lovell appeals from a judgment of conviction and sentence entered on May 3, 1993 in the United States District Court for the District of Vermont (Billings, *J.*) following his plea of guilty

* The Honorable Richard Owen of the United States District Court for the Southern District of New York, sitting by designation.

to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (1988). The district court sentenced Lovell to 120 months' imprisonment, followed by an eight-year term of supervised release.

On appeal, Lovell challenges his sentence. Lovell principally contends that the district court erred in applying the ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) (1988), applicable to a person who has one or more prior narcotics convictions, where his prior conviction was based on an act committed after the inception of the instant conspiracy, but during the time in which the conspiracy was active.

For the reasons set forth below, we affirm the district court's judgment.

## BACKGROUND

Lovell was arrested in November 1990 and subsequently indicted with two other individuals for drug-related offenses. Specifically, Lovell was charged in two counts with: (1) conspiring between April 1974 and November 20, 1990, to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and (2) possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). After being released on conditions in January 1991, Lovell failed to appear at his trial and a warrant was issued for his arrest. Lovell was subsequently apprehended. On November 6, 1991, he pleaded guilty to the conspiracy count.

At sentencing, the district court found that the amount of marijuana and cocaine possessed and distributed during the course of the 16–year conspiracy involved, under 21 U.S.C. § 846, the equivalent of 890 kilograms of marijuana. Applying U.S.S.G. § 2D1.1, the district court determined that this resulted in a base offense level of 30. The district court assessed a two-level upward adjustment under U.S.S.G. § 3C1.1 for obstructing justice because Lovell had fled before trial and made threatening telephone calls to a witness in the case. The district court also determined that Lovell had accepted responsibility for his actions and reduced the offense level by two pursuant to U.S.S.G. § 3E1.1. This resulted in a total offense level of 30 and a criminal history category of I, resulting in a sentencing range of 97 to 121 months. Although the district court noted that Lovell had four prior drug-related offenses, none of them were included in determining his criminal history category because the drugs involved in those offenses were incorporated into the instant offense. *See* U.S.S.G. § 1B1.3, comment. (n. 8).

After the district court's calculation of the sentencing guideline range, the government argued for the application of 21 U.S.C. § 841(b)(1)(B), which sets a ten-year mandatory minimum sentence for a person who has one or more prior narcotics convictions. The government cited one of Lovell's prior offenses, a 1976 Arizona conviction for unlawful possession of marijuana, as a basis for application of 21 U.S.C. § 841(b)(1)(B). Lovell contested the application of the statutory minimum, contending that because the conspiracy to which he plead guilty commenced in 1974, the penalty was inapplicable. Nevertheless, the district court determined that based on the 1976 controlled substance conviction, Lovell was subject to the ten-year mandatory term of imprisonment, thereby limiting the sentencing range to 120 to 121 months. The district court imposed a sentence of 120 months.

Lovell, who is incarcerated, now appeals.

## DISCUSSION

On appeal, Lovell challenges his sentence, contending that the district court improperly applied the ten-year mandatory minimum penalty under 21 U.S.C. § 841(b)(1)(B) when it relied on a 1976 conviction as a prior conviction. Lovell essentially argues that, contrary to the requirements of the statute, the 1976 conviction occurred after he had become involved in the instant offense and therefore cannot be considered a prior conviction. Based on the reasons set forth below, we uphold Lovell's sentence.

■ The district court's construction of 21 U.S.C. § 841(b)(1)(B), as well as its application of the sentencing guidelines, are subject to *de novo* review. *See United States v. Proyect,* 989 F.2d 84, 87 (2d Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 80, 126

L.Ed.2d 49 (1993); *United States v. Deutsch,* 987 F.2d 878, 884–85 (2d Cir.1993). The underlying findings of fact are reviewed under the clearly erroneous standard. *See Deutsch,* 987 F.2d at 884–85.

### (1) *Review of the District Court's Sentence*

As a preliminary matter, the government argues that Lovell's sentence is unreviewable because the district court would have imposed the same sentence regardless of whether or not the mandatory minimum applied. *See United States v. Bermingham,* 855 F.2d 925, 934 (2d Cir.1988). We disagree.

In *Bermingham,* the defendant appealed his sentence, contending that a lower, overlapping guideline range was applicable. *Id.* at 929–30. We held that where the district court makes an express determination that it would impose the same sentence irrespective of which of two overlapping guideline ranges applied, disputes as to the applicable guideline range need not be resolved. *Id.* at 934–35. Because we determined that it was unclear whether the district court would have imposed the same sentence under the lower guideline range, we faced the choice of either adjudicating the dispute or remanding the case for clarification of the district court's intent. *Id.* at 935–36. We chose the latter option. *Id.*

In the instant case, we find the district court's intention equally unclear. At sentencing, the district court orally stated the following:

> The guideline imprisonment range for an offense level 30 and a criminal history category of I is 97 to 121 months. We note that the mandatory minimum does apply and, therefore, the guideline imprisonment range is from 120 to 121 months. It is the order of this Court that he be sentenced to ... a term of 120 months.

In its statement of reasons for sentence, the court wrote:

> 8. ... that a ten-year mandatory minimum term of incarceration is applicable to the defendant....
>
> 10. The guideline imprisonment range for an offense level of 30 and a criminal histo-

ry category of I is 97 to 121 months. The defendant has been involved in the distribution of marijuana since at least April 1974, continuing to the present time. He was involved in brokering large quantities of marijuana which were then redistributed. *Given the length, quantities, and nature of the defendant's criminal conduct, a sentence at the mid-high end of the guidelines is warranted.... The defendant is hereby sentenced ... for a term of 120 months.* (emphasis added).

■ Given the district court's oral and written sentencing statements, we are unable to discern whether the district court would have applied the same sentence regardless of the overlap between the sentencing guideline range and the statutory mandatory minimum sentence. On the one hand, the district court indicates that Lovell was sentenced to the mid-upper end of the applicable guideline range because of the severity of the offense and because Lovell is a narcotics recidivist within the meaning of 21 U.S.C. § 841(b)(1)(B). On the other hand, although the district court gives indications that 120 months may constitute a sentence at the mid-high end of the guidelines, it is unclear whether the same sentence would have been imposed had the mandatory minimum not applied. Therefore, as in *Bermingham,* we find that because we are unable to determine the district court's intentions with complete confidence, we may either remand the case to clarify the district court's intentions or resolve the dispute. Accordingly, it is proper for us to review the validity of the sentence imposed.

### (2) *Application of Mandatory Minimum Sentence*

Title 21 U.S.C. § 841(b)(1)(B) provides in pertinent part that,

> [i]n the case of a violation of subsection (a) of this section involving—
>
> > (vii) 100 kilograms or more of a mixture or substance containing a detectable amount of mari[j]uana, ...
>
> such person shall be sentenced to a term of imprisonment which may not be less than 5 years.... *If any person commits such a violation after one or more prior convic-*

*tions* for an offense punishable under this paragraph, ... *have become final,* such person shall be sentenced to a term of imprisonment which may not be less than 10 years....

21 U.S.C. § 841(b)(1)(B) (emphasis added). This statute raises two issues. First, we must determine whether there is a prior conviction. Second, we must examine whether the prior conviction is final. We address each issue in turn.

(A) *Prior Conviction*

█ The question of whether a conviction committed after the inception of a conspiracy offense, but during the time in which the conspiracy was active, constitutes a prior conviction within the meaning of 21 U.S.C. § 841(b)(1)(B) is one of first impression for this Court. Lovell argues that he committed the offense of conspiracy prior to his 1976 Arizona conviction. He contends that since a conspiracy exists as soon as the agreement is made, which in this case was in 1974, the 1976 conviction did not constitute a prior conviction within the specific language of 21 U.S.C. § 841(b)(1)(B). Accordingly, Lovell claims that the district court erred in its conclusion that the mandatory minimum sentence applied.

Difficulty over whether Lovell's 1976 conviction was a prior conviction within the meaning of the statute arises from the fact that the 1976 conviction punished conduct that occurred after the inception of the instant conspiracy offense, even though the 1976 offense preceded the termination of the conspiracy before us. As the government argues, however, a conspiracy by its nature is a continuing offense and one that endures until its objectives are either completed or abandoned. *United States v. Grammatikos,* 633 F.2d 1013, 1023 (2d Cir.1980). And in this connection we note that certain overt acts in the current conspiracy are acknowledged by Lovell to have occurred in 1990, long after the predicate 1976 Arizona conviction.

Lovell is correct when he maintains that he violated the federal narcotics laws as soon as he initiated the conspiracy in 1974. This does not mean, however, that Lovell did not also commit the offense every day thereafter

as a member of the conspiracy. Rather, he "committed" the crime of conspiracy throughout the duration of the conspiracy. Therefore, because the conspiracy existed before the 1976 conviction as well as after the 1976 date, it can be said that Lovell's commission of the crime of conspiracy occurred subsequent to his 1976 offense. *See, e.g., United States v. Belton,* 890 F.2d 9, 10–11 (7th Cir.1989) (holding that narcotics conviction that predated instant drug conspiracy charge qualified as prior conviction even though narcotics conviction did not predate every act constitutive of conspiracy charge); *accord United States v. De Veal,* 959 F.2d 536, 538–39 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 237, 121 L.Ed.2d 172 (1992).

(B) *Finality of Prior Conviction*

█ The courts of appeals that have addressed the issue of whether a prior conviction is final within the meaning of 21 U.S.C. § 841(b)(1)(B) have construed the statute to mean that a prior conviction is final for purposes of recidivist sentencing when all avenues of direct appellate review have been exhausted. *See United States v. Campbell,* 980 F.2d 245, 250–51 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993); *United States v. Morales,* 854 F.2d 65, 69 (5th Cir.1988); *United States v. Lippner,* 676 F.2d 456, 467 (11th Cir.1982); *Williams v. United States,* 651 F.2d 648, 650–51 (9th Cir.1981); *United States v. Allen,* 566 F.2d 1193, 1195 (3d Cir. 1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). Under this standard, Lovell's 1976 Arizona conviction was final because the period for seeking appellate review of the state conviction had expired by the time he "committed" the instant conspiracy offense.

Accordingly, we find that the district court's application of the mandatory minimum sentence to Lovell's sentence was proper.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the district court.