UNITED STATES of America,
Appellee,

v.

Mark SHKOLIR, Defendant,

Eric Vainer, also known as Eric
Cohen, Defendant–
Appellant.

No. 00–1706.

United States Court of Appeals,
Second Circuit.

July 27, 2001.

Edward S. Panzer; Robert A. Culp, of counsel, New York, NY, for appellant.

Daniel M. Gitner, David Raymond Lewis, Assistant United States Attorneys, for Mary Jo White, United States Attorney for the Southern District of New York, New York, NY, for appellee.

Present MINER, LEVAL and POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant Eric Vainer appeals from a judgment of conviction entered after a jury trial on one count of conspiracy to commit securities fraud, mail fraud, and wire fraud in violation of 18 U.S.C. § 371. He seeks to have his conviction reversed, or, in the alternative, to have the case remanded for resentencing. We find no grounds for reversal or resentencing.

■ We reject the defendant's contention that there was insufficient evidence to support the jury's verdict substantially for the reasons given by the district court. There was ample evidence-including documents found in Vainer's possession at the time of his arrest—from which a rational jury could have concluded that he was a knowing participant in a scheme to defraud unwitting investors into buying shares in a bogus company. Vainer cannot therefore carry the "heavy burden" of challenging his conviction on sufficiency grounds. *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998).

■ We also reject defendant's contention that his trial counsel rendered constitutionally ineffective assistance by failing to seek from the court a limiting instruction directed at "other act" evidence concerning his participation in other offerings of worthless stock. Counsel's decision was a reasonable strategic choice to avoid emphasizing the evidence to the jury, as he stated on the record at trial. *See United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) ("Actions or omissions by trial counsel that might be considered sound trial strategy do not constitute ineffective assistance." (internal quotation marks omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984))).

■ Finally, defendant argues that the district court erred in assigning him a criminal history point for a previous conviction for receipt of a stolen check because the offense was similar to an "insufficient funds check" offense, which is an exempt misdemeanor under the Sentencing Guidelines. *See* U.S.S.G. § 4A1.2(c)(1). We see no need to consider remanding, because the issue was not material to Vainer's sentence. The sentence Vainer received—30 months' imprisonment—falls within the sentencing range that would have been applicable if he had not received the additional criminal history point for the previous conviction. As the district court indicated that it would impose the same sentence in any event, we need not resolve the issue. *See United States v. Lovell*, 16 F.3d 494, 496 (2d Cir. 1994) ("[W]here the district court makes an express determination that it would impose the same sentence irrespective of which of two overlapping guideline ranges applied, disputes as to the applicable guideline range need not be resolved.").

Accordingly, the judgment of the district court is AFFIRMED.