**UNITED STATES of America, Appellee,**

v.

**Stanley BURRELL, Michelle Miles, Brian Burrell, a/k/a B–Wop, and Darryl Banks, a/k/a Pop, Defendants–Appellants.**

**Docket No. 00–1259–62.**

United States Court of Appeals, Second Circuit.

May 1, 2002.

405

Thomas H. Nooter, New York, NY, for Stanley Burrell; George Sheinberg, Brooklyn, NY, for Michelle Miles; Steve Zissou, Bayside, NY, for Brian Burrell; Ellyn I. Bank, New York, NY, for Darryl Banks, for Appellants.

Emily Berger and Michelle DeLong, Assistant United States Attorneys, Eastern District of New York, Brooklyn, NY, for Appellee.

Present OAKES, STRAUB, and POOLER, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court insofar as it concerns the convictions of Brian Burrell, Michelle Miles, and Darryl Banks, and the conviction of Stanley Burrell for engaging in a continuing criminal enterprise as well as the sentences of Stanley Burrell, Michelle Miles, and Darryl Banks be and it hereby is **AFFIRMED** and insofar as it concerns the sentences of Brian Burrell and Stanley Burrell's conviction for conspiracy, it is **VACATED** and **REMANDED**.

A jury sitting in the United States District Court for the Eastern District of New York convicted Stanley Burrell, Brian Burrell, Michelle Miles, and Darryl Banks of conspiracy to distribute heroin and cocaine base (crack) between 1990 and 1997. The jury also convicted Miles of selling crack and Stanley Burrell of participation in a continuing criminal enterprise ("CCE"), and of a firearm crime. Defendants raise a multitude of objections to their convictions and sentences, most of which clearly lack merit in light of well established precedent but two of which—Darryl Banks' challenge to the admission into evidence of a narcotics offense committed when he was a juvenile and a challenge made pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)—require more extensive analysis. We consider the former arguments in this sum-mary order and the latter in a separate opinion also filed today.

■ We first consider defendants' objections to the trial court's evidentiary rulings. Stanley Burrell contends that the district court erred by admitting (1) a photograph that showed him wearing a great deal of jewelry and with stacks of money in front of him and (2) various receipts for large expenditures that Burrell contends could have been made by someone else. Both the photographs and the receipts were relevant to one of the elements of the government's proof that Stanley Burrell participated in a CCE, the acquisition of substantial income from the enterprise. 21 U.S.C. § 848(c)(2)(B). In addition, the receipts were found in Stanley Burrell's apartment, allowing the jury to infer that they belonged to him absent proof to the contrary.

■ Miles and the Burrell brothers complain that the court allowed the government to offer evidence that a cooperating witness, Andre Thomas, made a prior consistent statement at the time of his arrest. This statement was admissible because Miles argued in her opening statement that the cooperating witnesses had a motive to lie. *See* Fed.R.Evid. 801(d)(1)(B). Contrary to Miles' assertion, the cooperating witness had no motive to fabricate evidence when he was arrested because Miles was neither in custody nor under suspicion at the time this witness was arrested. *See United States v. Khan,* 821 F.2d 90, 94 (2d Cir.1987). Miles also contends that because the court admitted evidence of her March 5, 1995 arrest for possession of crack cocaine, it should have allowed her to offer evidence of her acquittal on this charge. The district court ruled correctly; a judgment of acquittal is not generally admissible to rebut inferences that may be drawn from other evidence, *United States v. Viserto,* 596 F.2d 531, 537 (2d Cir.1979), and the acquittal did not

establish that Miles was not guilty, *United States v. Marrero–Ortiz,* 160 F.3d 768, 775 (1st Cir.1998).

■ Brian Burrell contends that the district court wrongly admitted evidence that he was arrested twice during the period of the conspiracy, both times at a location where the conspirators commonly sold drugs. On one of the two occasions, Brian Burrell was selling red capped vials in addition to gold bags rather than the gold and black capped vials usually sold by the conspirators. Brian Burrell argues that because these two sales had nothing to do with the conspiracy, the court erroneously admitted prior bad acts evidence. The facts do not support this argument; everything about the sales except the color of some of the caps is consistent with the sales being part of the conspiracy. Therefore, the evidence was properly admitted as evidence of the crimes charged. The color of the caps went to the weight the jury should accord this evidence, not to its admissibility.

Defendants also argue that the judge deprived them of a fair trial by expressing inappropriate impatience with defense counsel, allowing the prosecutor to lead witnesses, making evidentiary rulings that favored the government, and allowing the prosecutors to make inflammatory and prejudicial comments concerning defense counsel's conduct. After reviewing the complaints in the context of the entire record, we find no abuse of discretion. *See United States v. Mickens,* 926 F.2d 1323, 1327 (2d Cir.1991).

■ The defendants also make several arguments concerning the court's charge. First they object to the court's refusal to charge that the jury could convict each defendant only if it found he or she was a member of the single conspiracy charged in the indictment. Because there was ample proof from which the jury could conclude that each defendant was a member of the charged conspiracy, they were not prejudiced by any possible error in the court's failure to give a multiple conspiracy charge, and therefore cannot obtain reversal. *United States v. Vazquez,* 113 F.3d 383, 386 (2d Cir.1997).

■ Stanley Burrell contends that his conviction for participation in a continuing criminal enterprise must be overturned because of errors in the charge and verdict sheet. More specifically, he argues that the jury could not consider the underlying narcotics conspiracy as one of the predicate acts for the CCE conviction; the court erred by not informing the jury that it must find Burrell supervised five or more people with respect to each of the underlying predicate acts and that each of the predicate acts must be related; and that a special verdict sheet was required. These arguments all lack merit. First, the court has broad discretion in determining whether to use a special verdict sheet in a complex criminal case and did not abuse that discretion here. *See United States v. Ogando,* 968 F.2d 146, 149 (2d Cir.1992). Second, Burrell did not request a charge that the predicate acts must be related and identifies no cases squarely holding that a relatedness charge is required. Consequently, he cannot satisfy the plain error standard of review. *See United States v. Feliciano,* 223 F.3d 102, 115 (2d Cir.2000) (articulating standard), *cert. denied,* 532 U.S. 943 (2001). Third, there is no support for Burrell's contention that *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), requires that five people be involved in each of the required predicate acts. In fact, the *Richardson* court specifically rejected a suggestion from the dissent that its decision requires the government to prove that "five persons were involved with, the specific underlying crimes the jury unanimously agrees were committed." 526 U.S. at 823. Finally, it is proper to count a narcotics conspiracy as one of the predi-

cate acts of a CCE. *United States v. Miller*, 116 F.3d 641(2d Cir.1997).

■ Banks objects to the court's "mere presence" charge. The charge given for conspiracy, the sole count against Banks, was that "mere presence ... at the scene of the commission of an alleged crime, even coupled with proof that the person was aware that a crime was being committed" does not suffice to prove a conspiracy although it may be considered along with other factors in determining whether a particular defendant agreed to join the conspiracy. Banks argues that this charge could not apply to him because he was merely a hand-to-hand dealer. He cites no precedent for this argument, which we reject.

The government agrees that Stanley Burrell's conviction for conspiracy must be vacated because it is a lesser included offense of his CCE conviction. *See Rutledge v. United States*, 517 U.S. 292, 297–301, 307, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). We therefore vacate Stanley Burrell's conspiracy conviction and remand in order that the district court may correct the judgment to reflect the dismissal of only the conspiracy conviction. *See United States v. Polanco*, 145 F.3d 536, 541 (2d Cir.1998).

■ We turn next to Stanley Burrell's claim that the district court should not have enhanced his sentence pursuant to U.S.S.G. § 2 D1.1(b)(1) for the use of a weapon during the course of a crime because only one witness, Michelle Vega, testified that Stanley Burrell carried a weapon and she did not explain why he carried it. However, the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), app. note 3. Because it is not clearly improbable that Burrell's gun was connected with his drug trafficking, the district court did not err.

■ Finally, Brian Burrell contends that the district court erred by enhancing his sentence for two prior narcotics-related convictions that became final during the course of the conspiracy. Although both Brian Burrell and the government represent that this issue is one of first impression, we rejected Brian Burrell's argument in *United States v. Lovell*, 16 F.3d 494 (2d Cir.1994). *Lovell* concerned sentencing under 21 U.S.C. § 841(b)(1)(B) rather than Section 841(b)(1)(A) as was the case for Brian Burrell, but its logic clearly binds us.

We have considered all the defendants' contentions and, except as specifically noted in this order or the accompanying opinion, have found that they lack merit.