**UNITED STATES of America,**
**Appellee,**

v.

**Stanley BURRELL, Michelle Miles, Brian Burrell, a/k/a B–Wop, and Darryl Banks, a/k/a Pop, Defendants–Appellants.**

**Docket No. 00–1259–62.**

United States Court of Appeals, Second Circuit.

Argued Jan. 29, 2001.

Decided May 1, 2002.

Affirmed in part, vacated in part, and remanded.

Thomas H. Nooter, Freeman, Nooter & Ginsberg, New York, NY, for Defendant–Appellant Stanley Burrell.

George Sheinberg, Brooklyn, NY, for Defendant–Appellant Michelle Miles.

Steve Zissou, Bayside, NY, for Defendant–Appellant Brian Burrell (Randall D. Unger, on the brief).

Ellyn I. Bank, New York, NY, for Defendant–Appellant Darryl Banks.

Michelle Delong, Emily Berger, Assistant United States Attorneys, of counsel to Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (Kenneth Breen, Assistant United States Attorney, on the brief) for Appellee.

Before: OAKES, STRAUB, and POOLER, Circuit Judges.

POOLER, Circuit Judge.

Stanley Burrell, Michelle Miles, Brian Burrell, and Darryl Banks appeal from their convictions and resulting sentences for a variety of narcotics related offenses. In a summary order also filed today, we rejected all of defendants' objections to their convictions except (1) Stanley Burrell's argument that he could not be convicted both of participation in a continuing criminal enterprise ("CCE") and of conspiracy to possess and distribute narcotics and (2) Darryl Banks' contention that juvenile adjudications were wrongly used against him. We vacated Stanley Burrell's conspiracy conviction in the summary order and will consider Darryl Banks' argument in this opinion. As to the defendants' sentences, we rejected Stanley Burrell's argument that the district court wrongly enhanced his sentence for possession of a gun as well as Brian Burrell's objection to the use of two felony convictions occurring during the course of the conspiracy to enhance his sentence. We left for consideration in this opinion defendants' claim that the district court erred by determining the quantity of drugs attributable to each of them rather than requiring that the indictment charge and the jury find drug quantity.

## BACKGROUND

Stanley Burrell organized and operated a cocaine base ("crack") and heroin distribution network at Marcy Houses, a public housing project in Brooklyn, New York from approximately 1990 to 1997. At first, the Burrell Organization sold crack in plastic vials with gold caps ("goldtops") and heroin in gold glassine bags ("goldbags") close to a Chinese restaurant near Marcy Houses. During 1993, the organization began selling from a courtyard in front of several of the project buildings

and from a nearby parking lot and changed the packaging for its crack from goldtops to blacktops. Although the organization continued to sell goldbag heroin, it also sold heroin in glassine bags with the word "Romance," on a slip of paper inside. Miles produced these labels. At its new location, the organization sold drugs twenty-four hours a day and seven days a week.

Miles, who was Stanley Burrell's girlfriend, acted as the business manager for his organization, hiring workers, scheduling shifts, supplying workers, collecting money, and cooking and packaging crack. In March 1995, Miles was arrested in a Marcy Houses apartment after a police officer observed a table full of what appeared to be narcotics through the open door of her apartment. Miles was acquitted of charges stemming from this incident.

Brian Burrell began working for his brother's organization in the early 1990s. In 1991, Brian Burrell was twice arrested in front of the Chinese restaurant. Both times Burrell possessed a substantial amount of crack and heroin, and both arrests resulted in felony convictions that the district court counted as prior felony convictions when it sentenced Brian Burrell to life imprisonment. Upon his release from state prison, Burrell again began to work for the organization.

Banks was a street level dealer until March 1996 when he was arrested during a raid on his mother's apartment where he and Miles, who is Banks' sister, lived. Banks pleaded guilty to criminal possession in state court. Banks had one other prior arrest, which occurred in 1994 when he was sixteen. He also pleaded guilty to the charge resulting from the 1994 arrest, criminal possession of a controlled substance, and was adjudicated a youthful offender.

By superseding indictment filed February 26, 1998, a grand jury charged the Burrell brothers, Miles, and Banks with conspiracy to distribute heroin and crack in violation of 21 U.S.C. § 846. The indictment also charged Miles with one count of possession and distribution of crack and Stanley Burrell with being the organizer of a CCE in violation of 21 U.S.C §§ 848(a) & (c) and with being a felon in possession of ammunition in violation of 18 U.S.C § 922(g)(1). The indictment did not specify the quantity of drugs allegedly sold by the conspirators. Following a trial in February 1999, the jury returned a guilty verdict on all counts except possession of ammunition, on which it acquitted Stanley Burrell.

The district court sentenced Stanley Burrell to concurrent life sentences on the narcotics conspiracy and CCE charges, Brian Burrell to life imprisonment, Miles to two concurrent terms of thirty years of imprisonment, and Banks to 188 months of imprisonment.

This appeal followed. As previously noted, we have disposed of almost all of defendants' contentions in a summary order. We now address the remaining two issues.

## DISCUSSION

### I. Evidence of Banks' Prior Convictions.

Banks challenges the district court's admission into evidence of both his plea allocution to the 1994 charge, which resulted in an adjudication that he was a youthful offender, and his 1996 conviction as an adult. Both convictions were for acts included in the federally charged conspiracy.

Banks first argues that Federal Rule of Evidence 609(d) barred the use of his 1994 allocution against him because he was a juvenile. This rule, which defines when prior convictions can be used for

impeachment purposes, *see* Fed.R.Evid. 609(a), provides:

> Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

Fed.R.Evid. 609(d); *see also United States v. Canniff*, 521 F.2d 565, 569 (2d Cir.1975) (holding prior to the adoption of Rule 609(d) that a New York state youthful offender adjudication should normally not be admitted to impeach the credibility of a defendant). Because Banks was an accused, he contends that the district court had no discretion to admit his plea allocution under Rule 609(d). This argument is correct but irrelevant. The government sought to admit the plea allocution not to impeach Banks pursuant to Rule 609(d) but rather as direct evidence of his participation in the charged conspiracy. Rule 609(d) purports to limit the admission of juvenile adjudications only for impeachment purposes. Those courts of appeals that have addressed the admissibility of juvenile adjudications for purposes other than impeachment have found Rule 609(d) to be irrelevant. *See United States v. Jefferson*, 215 F.3d 820, 824 (8th Cir.); *cert. denied*, 531 U.S. 911, 121 S.Ct. 261, 148 L.Ed.2d 189 (2000); *United States v. Rogers*, 918 F.2d 207, 211 (D.C.Cir.1990). We join our sister circuits in holding that Rule 609(d) applies only to the use of juvenile adjudications for impeachment and does not prevent their use to prove an issue in contention. *Cf. United States v. Martino*, 759 F.2d 998, 1004 (2d Cir.1985) (allowing use of a youthful offender adjudi-

cation to prove knowledge and intent without reference to Rule 609(d)).

Acts that a conspiracy defendant commits as a minor in furtherance of a conspiracy are admissible to show his participation in the conspiracy if the defendant ratifies his participation in the conspiracy after his eighteenth birthday as Banks, who was eighteen at the time of his second arrest, did. *United States v. Delatorre*, 157 F.3d 1205, 1209–10 (10th Cir.1998); *United States v. Welch*, 15 F.3d 1202, 1211–12 (1st Cir.1993); *United States v. Doerr*, 886 F.2d 944, 969–70 (7th Cir.1989); *cf. United States v. Wong*, 40 F.3d 1347, 1363–68 (2d Cir.1994) (allowing consideration of pre-eighteen acts in a RICO prosecution where defendant continued his participation after his eighteenth birthday). Thus, Banks' juvenile plea allocution was properly admitted.

Banks also contends that both the youthful offender plea allocution and the adult conviction were not admissible because the convictions had no function other than to show Banks' propensity to participate in narcotics transactions. Banks again misses the point; the government sought admission of the 1994 plea allocution and the 1996 conviction to show Banks' participation in the very crime at issue here, not as a prior bad act.

## II. *Apprendi* Issue.

Pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), defendants argue that they received sentences beyond the maximum the district court had the authority to impose because the amount of narcotics was not specified in the indictment and the court rather than the jury calculated the drugs attributable to each defendant. We recently interpreted *Apprendi* in the context of sentencing for narcotics offenses and held (1) a jury finding on drug quantity is

necessary to sentence a defendant to more than twenty years of imprisonment, the statutory maximum for an unspecified quantity of certain drugs including cocaine and heroin, *see* 21 U.S.C. § 841(b)(1)(C); (2) where, as will usually be true for convictions prior to *Apprendi*, the defendant failed to demand jury findings on drug quantity or to object to an indictment that did not state drug quantity, we will apply a plain error analysis; (3) sentencing above an otherwise applicable statutory maximum based on facts that were neither pleaded in an indictment nor proved to a jury beyond a reasonable doubt is plain error; and (4) we should exercise our discretion to notice and correct this plain error in pre-*Apprendi* cases at least where the defendant did not stipulate to the drug quantity and objected to the standard of proof used by the sentencing court. *United States v. Thomas*, 274 F.3d 655, 673 (2d Cir.2001) (*en banc* ).

■ As in *Thomas*, all of the defendants objected in some fashion to the drug quantity the court found. *Thomas* mandates that we notice and correct any of these sentences that (a) are above the statutory maximum for a narcotics offense based on a quantity of narcotics that was neither alleged in the indictment nor found by the jury and (b) would not have been imposed on other grounds.

■ Because Banks was not sentenced to more than twenty years of imprisonment, he is not entitled to a reduction in his sentence. *United States v. Garcia*, 240 F.3d 180, 183 (2d Cir.) (holding that calculations of drug quantity by a judge that do not result in a sentence above the maximum sentence for an indeterminate quantity of narcotics raise no constitutional issue), *cert. denied*, 533 U.S. 960, 121 S.Ct. 2615, 150 L.Ed.2d 769 (2001). Stanley Burrell also does not benefit from *Thomas*. The district court sentenced Stanley Burrell to concurrent life sentences on the CCE and narcotics conspiracy charges. Even in the absence of a jury finding on narcotics quantity, the court properly could have sentenced Stanley Burrell to life imprisonment on the CCE count. 21 U.S.C. § 848(a); *Santana–Madera v. United States*, 260 F.3d 133, 141 (2d Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 817, 151 L.Ed.2d 701 (2002). Both of Michelle Miles' convictions were for narcotics offenses. The court found that her total offense level was 42, requiring that it impose a minimum sentence of thirty years under the Guidelines. Where, as here, a defendant is convicted of two crimes and the sentence to be imposed on the count carrying the maximum penalty is less than the total punishment mandated by the Guidelines, the court must run the sentences consecutively to the extent necessary to achieve the Guidelines punishment. U.S.S.G. § 5G1.2(d). In Miles' case, this requirement would have resulted in the same sentence she actually received, thirty years. Therefore, the court's plain error did not affect Miles' substantial rights, and we need neither notice nor correct it. *United States v. McLean*, 287 F.3d 127, 136 (2d Cir.2002). Brian Burrell received a life sentence based both on the quantity of drugs the court attributed to him and on his status as a career criminal offender. Without the court's finding of drug quantity, Burrell is subject to a thirty-year maximum sentence if he has even one felony drug conviction prior to the charged narcotics conspiracy. 21 U.S.C. § 841(b)(1)(C). Therefore, we vacate his sentence and remand for resentencing to no more than thirty years of imprisonment.

## CONCLUSION

For the reasons set forth in this opinion and the accompanying summary order, we

affirm the convictions of Michelle Miles, Brian Burrell, and Darryl Banks. We affirm Stanley Burrell's conviction for organizing a continuing criminal enterprise but vacate his conviction for conspiracy. We affirm the sentences of Stanley Burrell, Michelle Miles, and Darryl Banks. We vacate Brian Burrell's sentence and remand for imposition of a sentence of no more than thirty years of imprisonment.