**UNITED STATES of America,**
**Appellee,**

v.

**Brian BURRELL, Defendant–**
**Appellant.**

No. 03–1678.

United States Court of Appeals,
Second Circuit.

Oct. 22, 2004.

Marsha R. Taubenhaus, New York, New York, for Appellant.

Gurbir Singh Grewal, Assistant United States Attorney, New York, (Kenneth M. Breen, Emily Berger, Assistant United States Attorneys, on the brief, Roslynn Mauskopf, United States Attorney, Brooklyn, New York), for Appellee, of counsel.

PRESENT: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

### SUMMARY ORDER

Brian Burrell appeals from the September 2, 2003 judgment entered in the United States District Court for the Eastern District of New York (Dearie, *J.*), following a remand by this Court for resentencing, *United States v. Burrell*, 289 F.3d 220 (2d Cir.2002) (*"Burrell I"*). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

In the summary order accompanying *Burrell I*, 43 Fed. Appx. 403 (2d Cir.2002), this court relied on *United States v. Lovell*, 16 F.3d 494 (2d Cir.1994) to rule that an earlier conviction is "prior" within the meaning of the guidelines, notwithstanding that that conviction may be part of the underlying conduct upon which the current conviction for conspiracy was based. Burrell now contends that the district court erred on remand by not re-considering the issue under *United States v. Martino*, 294 F.3d 346 (2d Cir.2002), which was handed down in the interval. Because Burrell failed to raise this argument before the district court, our standard of review on appeal is for plain error. *See, e.g., United States v. Crowley*, 318 F.3d 401, 414–15 (2d Cir.2003). The district court's decision must then have been a "clear or obvious deviation from current law that affected the outcome" of the proceedings. *Id.* at 415.

■ Law of the case is "a discretionary doctrine which does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided." *United States v. Williams*, 205 F.3d 23, 34 (2d Cir.2000) *quoting United States v. Martinez*, 987 F.2d 920, 923 (2d Cir.1993). We see no need to revisit the question. In any event, regardless of whether they are evaluated under the law in this circuit as stated in *Martino* or as stated in *Lovell*, the district court properly included Burrell's convictions as "prior" in determining his sentence.

■ Next, Burrell challenges the attribution of approximately 30 kilograms of cocaine base sold by the organization for the purpose of establishing his base offense level. In evaluating relevant conduct for a drug conspiracy, "all reasonably foreseeable acts ... of others in furtherance of the conspiracy may be taken into account to determine a defendant's sentence." *United States v. Molina*, 106 F.3d 1118, 1121 (2d Cir.1997). The district court "must make two particularized findings." *United States v. Mulder*, 273 F.3d 91, 118 (2d Cir.2001). These two findings are: (1) "the scope of the criminal activity agreed upon by the defendant," *United States v. Studley*, 47 F.3d 569, 574 (2d Cir.1995); and (2) "whether the activity was foreseeable to the defendant," *id.; see also Mulder*, 273 F.3d at 118. Here, in order for a different base offense to apply, the court would have had to have found no more than 1.5 kilograms attributable to Burrell. *See* U.S.S.G. 2D1.1. Though the district court did not make the required particularized findings as to the scope of the agreement and the foreseeability of the conduct, "when a defendant asserts that he is not responsible for the entire range of misconduct attributable to the conspiracy of which he was a member, the Guidelines place on him the burden of establishing the lack of knowledge and the lack of foresee-

ability." *United States v. Martinez–Rios,* 143 F.3d 662, 677 (2d Cir.1998). Burrell made no such effort. On this record, it is impossible to see how he could have done so to the extent needed to affect his sentence. The district court's determination of Burrell's base offense level was not error.

For the foregoing reasons, the district court's judgment is AFFIRMED.

Burrell also argues that the district court violated his Sixth Amendment rights under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Specifically, Burrell argues that it was unconstitutional for the district court to find, by a preponderance of the evidence, (1) that he had committed the crime after a prior conviction for a felony drug offense had become final, (2) that he had possessed a firearm during the conspiracy, and (3) that the amount of drugs attributable to him was 30.34 kilograms of crack cocaine. This Court has held, however, that we will not apply *Blakely* to the Federal Guidelines unless and until the Supreme Court rules that we must. *See United States v. Mincey,* 380 F.3d 102 (2d Cir.2004). We therefore reject Burrell's *Blakely* claims at this time.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion [or order] that ad- dress the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*