**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4121**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTAWIN BURGESS, a/k/a Hicky,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:07-cr-00791-TLW-1)

Submitted:  May 24, 2010        Decided:  June 30, 2010

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ralph J. Wilson, Conway, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, William Walter Wilkins, III, United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Antawin Burgess was convicted of one count of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of powder cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006), and one count of possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He was sentenced to 324 months' imprisonment. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious arguments for appeal but asking this court to review the sufficiency of the evidence. Burgess filed a pro se supplemental brief challenging the use of a 1999 conviction to increase the minimum statutory sentence. We affirm.

"A defendant challenging the sufficiency of the evidence . . . bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). A verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942).

2

In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the Government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996).

The elements of a drug conspiracy are as follows: (1) an agreement to violate the drug laws existed between two or more persons, (2) the defendant knew of the conspiracy, and (3) the defendant knowingly and voluntarily became a part of the conspiracy. Burgos, 94 F.3d at 857. We find more than sufficient evidence to support the conspiracy conviction. Likewise, there was sufficient evidence to support the possession conviction. In addition, there is nothing in the record to suggest that the jury based its decision on anything other than the trial evidence.

We find no error with respect to the use of a 1999 felony conviction for possession of crack cocaine in order to increase Burgess' statutory minimum sentence. The conviction was final prior to Burgess ending his participation in the conspiracy. See United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997); United States v. Lovell, 16 F.3d 494, 497 (2d Cir. 1994).

3

We have also reviewed the presentence investigation report and the sentencing transcript, including counsel's argument for a lenient sentence, and find there was no procedural or substantive error in the district court's decision to impose a sentence at the low end of the properly calculated advisory Guidelines.

In accordance with Anders we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Burgess' conviction and sentence. This court requires that counsel inform Burgess, in writing, of his right to petition the Supreme Court of the United States for further review. If Burgess requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Burgess. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4