12-2925-cr(L); 12-3628-cr(CON)
*United States v. Miles, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                 Nos. 12-2925-cr(L);
>                                                                    12-3628-cr(CON)

MICHELLE MILES, BRIAN BURRELL,
AKA B-WOP,

> *Defendants-Appellants,*

STANLEY BURRELL, ARTURO BROWN, AKA
RAMBO, HOWARD MIDGETTE, AKA HOW BOW,
DARRYL BANKS, AKA POP,

> *Defendants.*[1]

---

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

| | |
|---|---|
| **FOR MICHELLE MILES:** | DAVID A. LEWIS, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, NY. |
| **FOR BRIAN BURRELL:** | Steve Zissou, Steve Zissou & Associates, Bayside, NY. |
| **FOR APPELLEE:** | SETH D. DUCHARME (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY. |

Appeal from two orders of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's July 18, 2012 and September 11, 2012 orders are **AFFIRMED**.

## BACKGROUND

### A.

These consolidated appeals involve two defendants, Michelle Miles and Brian Burrell, who were convicted of various drug crimes based on their respective roles in a "crack" cocaine and heroin distribution network that operated in the 1990s in Brooklyn, New York. *See United States v. Burrell*, 289 F.3d 220, 222 (2d Cir. 2002). The drug operation was organized by Burrell's brother, Stanley. *Id.* Miles "was Stanley['s] . . . girlfriend, [and] acted as the business manager for his organization, hiring workers, scheduling shifts, supplying workers, collecting money, and cooking and packaging crack." *Id.* at 223. Burrell began working "for his brother's organization in the early 1990s." *Id.*

Based on their involvement with this drug organization, Miles and Burrell (among others) were charged with conspiracy to distribute heroin and crack in violation of 21 U.S.C. § 846. *Id.* The indictment also charged Miles with one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). *Id.* After a jury trial, Miles and Burrell were convicted on all counts. *Id.*

On March 24, 2000, Miles was sentenced by the late Judge Eugene Nickerson to 360 months' imprisonment, to be followed by five years of supervised release. Burrell was sentenced the same day by Judge Nickerson to a term of life imprisonment without the possibility of parole. Miles and Burrell both appealed.

2

On appeal, we vacated Burrell's sentence in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because "the court rather than the jury calculated the drugs attributable" to him, and we remanded Burrell's case to the District Court for resentencing. *Burrell*, 289 F.3d at 224-25. We did not vacate Miles's sentence under "plain error" review because she would have received the same sentence notwithstanding the district court's error.[2] *Id.* at 225. On remand, the District Court sentenced Burrell to 318 months' imprisonment, which was below the Guidelines range of 360 months to life imprisonment.

Burrell then appealed his 318-month sentence and, in 2004, we rejected his substantive claims. *See United States v. Burrell*, 115 F. App'x 471 (2d Cir. 2004) (non-precedential summary order). Less than a year later, however, we remanded Burrell's case for a second time in light of *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Following the *Crosby* remand, the District Court reduced Burrell's sentence further, to 228 months' imprisonment.

Burrell then appealed his 228-month sentence and, in 2008, we remanded Burrell's case for a third time in light of our decision in *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008). This third remand was to ensure that the District Court understood the extent of its discretion to reduce Burrell's sentence, pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007), in light of the sentencing disparity between crack and powder cocaine offenses.

Both before and after Burrell's matter was remanded in light of *Regalado*, the United States Sentencing Commission ("Commission") amended the Sentencing Guidelines. Specifically, in 2007, the Commission amended § 2D1.1(c) of the Guidelines to reduce all sentences for crack cocaine offenses by two offense levels; the following month, the Commission voted to make those amendments retroactive. *See United States v. Williams*, 551 F.3d 182, 184 (2d Cir. 2009). Then, in 2010, pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), the Commission again amended the Guidelines by further "retroactively reduc[ing] the base offense levels for crack-cocaine offenses." *United States v. Figueroa*, 714 F.3d 757, 759 (2d Cir. 2013).

In light of these amendments to the Guidelines, both Burrell and Miles filed motions for sentencing reductions pursuant to 18 U.S.C. § 3582(c)(2). The District Court considered those motions as well as the *Regalado* issue presented by our third remand in Burrell's case.

---

[2] Specifically, we did not vacate Miles's sentence because she was "convicted of two crimes and the sentence to be imposed on the count carrying the maximum penalty [wa]s less than the total punishment mandated by the Guidelines." *Burrell*, 289 F.3d at 225. Accordingly, the District Court was required to "run the sentences consecutively to the extent necessary to achieve the Guidelines punishment . . . [and,] [i]n Miles'[s] case, this requirement would have resulted in the same sentence she actually received, thirty years." *Id.*

3

**B.**

With regard to Miles, the District Court denied her § 3582(c)(2) motion for a sentence reduction, concluding that such a modification was not authorized because the "the crack cocaine amendments 'd[id] not have the effect of lowering [her] applicable guideline range'" inasmuch as the drug quantity attributed to Miles was so great. *United States v. Miles*, No. 97 CR 998 2 (RJD), 2012 WL 2923489, at *2 (E.D.N.Y. July 18, 2012) (quoting U.S.S.G. § 1B1.10(a)(2)(B)); *see also id.* ("Although the recent amendments raise the minimum quantity of crack cocaine required for the highest base offense level (38) to 8.4 kilograms, this amount is still far below the more than 61.54 kilograms attributed to defendant in this case." (internal citations omitted)).

With regard to Burrell, Judge Dearie rejected his § 3582 motion on the same basis. *United States v. Burrell*, No. 97 CR 9985 (RJD), 2012 WL 3990654, at *3 (E.D.N.Y. Sept. 11, 2012) ("The recent amendments [to the Guidelines] raise the minimum quantity of crack cocaine required for the highest base offense level (38) to 8.4 kilograms, an amount still far below the 30 kilograms for which defendant was held responsible." (internal citation omitted)). On the *Regalado* issue, Judge Dearie noted that in resentencing Burrell to a 228-month sentence, he "var[ied] downward from the applicable [Guidelines] range of 360 months to life imprisonment." *Id.* at *4. Accordingly, in Judge Dearie's view, the non-Guidelines sentence imposed on Burrell "moots *Regalado*'s main question of whether [the Court] would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the range produced by the 100-to-1 ratio." *Id.* (internal quotation marks omitted). Judge Dearie also rejected Burrell's arguments related to the 18 U.S.C. § 3553(a) factors. *Id.* ("Defendant makes several arguments bearing upon the factors listed in 18 U.S.C. § 3553(a), none of which change the result.").

Miles and Burrell both appealed.

## DISCUSSION

### A. Miles

On appeal, Miles argues that the District Court erred in concluding that her Guidelines range had not been lowered by the crack cocaine amendments based "on [its] finding that the sentencing court had based its sentence on the drug amount attributed to Ms. Miles in the Presentence Report, 61.54 kilograms of crack cocaine." Miles Br. 13.

In connection with a district court's application of the Guidelines, we review the district court's factual findings for clear error and its conclusions on legal questions *de novo*. *United States v. Turk*, 626 F.3d 743, 747 (2d Cir. 2010). Our review of "a district court's decision to modify or maintain a sentence under 18 U.S.C. § 3582(c)(2) [is] for abuse of discretion." *Figueroa*, 714 F.3d at

4

759; *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citation and quotation marks omitted)).

Section 1B1.10(a)(2) of the Guidelines provides that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [an amendment] does not have the effect of lowering the defendant's applicable guideline range."[3]  U.S.S.G. § 1B1.10(a)(2)(B). Although Miles concedes that her base offense level of 38 has not changed for crimes involving 8.4 kilograms or more of crack cocaine, *see* U.S.S.G. § 2D1.1(c)(1) (2012), she asserts that she is entitled to a sentence reduction, inasmuch as the District Court "made no specific finding of the applicable drug amount" at her original sentencing.  Miles Br. 16.

We cannot agree with Miles's argument based on our review of the record.  At Miles's original sentencing, Judge Nickerson adopted the drug quantity amounts in the Pre-Sentence Report (as relevant here, 61.54 kilograms of crack cocaine), stating that "I studied the presentence report and it seems to me clear under the evidence in the case that the base offense level of 38 is right, that the amount of crack cocaine was far in excess of what would amount to [an offense level of] 38, and it seemed to me credible that the defendant possessed a firearm, which would [increase] the total offense level [by] 2 [levels]."  App'x 47-48.  Moreover, in the statement of reasons accompanying the judgment, Judge Nickerson specifically noted that "[t]he court adopt[ed] the factual findings in the presentence report but finds . . . that the appropriate addition for role adjustment is two rather than four."  *Id.* at 56.

Miles argues for the first time on appeal that the Pre-Sentence Report is inconsistent with the trial evidence with respect to the dates of her membership in the conspiracy, and that the district court accordingly erred in relying on Judge Nickerson's statement that he adopted the factual findings in the Report.  Miles claims that the Pre-Sentence Report attributes the entire quantity of drugs distributed from 1990 to 1997 to her, and argues that she should not be held responsible for the quantities distributed before she became a member of the conspiracy in 1993.  Even assuming that Miles preserved this argument for appeal, however, the evidence adduced at trial still supports her sentence.  In particular, there is record evidence from which the court could reasonably infer that the drug organization's overall rate of distribution of crack cocaine during the life of the conspiracy resulted in a total distribution of an amount well in excess of 8.4 kilograms of crack cocaine while Miles was a member of the conspiracy.  Consequently, the district court did not abuse its discretion in denying the defendant's motion for a sentence reduction.

---

[3]  The advisory notes to § 1B1.10 define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."  U.S.S.G. § 1B1.10 cmt. n.1(A).

## B. Burrell

Burrell does not challenge the District Court's denial of his § 3582(c)(2) motion, and only argues on appeal that the Judge Dearie failed to follow the instructions of *United States v. Regalado*—to "consider the factors set forth in 18 U.S.C. § 3553(a) anew and in light of *Gall* and *Kimbrough*," 518 F.3d at 151—in deciding not to resentence him, *see* Burrell Br. 8 (internal quotation marks and emphasis omitted). In particular, Burrell argues that Judge Dearie simply relied on his consideration of the § 3553(a) factors from Burrell's 2006 resentencing and did not consider the factors anew. *Id.*

A district court commits a procedural error in sentencing when it "does not consider the 18 U.S.C. § 3553(a) factors." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). In reviewing a sentence for procedural error, "we apply a particularly deferential form of abuse-of-discretion review." *United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013). Our analysis is no different following a district court's decision not to resentence a defendant under *Regalado*, except that we make sure that the court articulated its reasons for declining to do so. *See* 518 F.3d at 149.

After reviewing the record, we conclude that District Court did consider the § 3553(a) factors "anew" with regard to Burrell. Although Burrell is correct that the District Court referred to his 2006 resentencing in its most recent order, it also expressly rejected Burrell's newly-raised § 3553(a) arguments and discussed events that had transpired after the 2006 resentencing in considering the § 3553(a) factors. *See Burrell*, 2012 WL 3990654, at *4.

In any event, Burrell raises no argument sufficient to rebut our presumption that "in the absence of record evidence suggesting otherwise, . . . a sentencing judge has faithfully discharged h[is] duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006).

## CONCLUSION

We have considered all of the arguments raised by Miles and Burrell on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's July 18, 2012 and September 11, 2012 orders.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk